**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION**

**CHRISTIAN ROGERS**,
Plaintiff,
v.
**JUDGE MICHAEL TOMLINSON**, in his personal and official capacities,
**ST. CLAIR COUNTY**,
**ST. CLAIR COUNTY FRIEND OF THE COURT**,
**MARCELLA NEUMANN**, in her individual capacity,
Defendants.

Case No.:
Hon.:

## CONCLUSION

Plaintiff has demonstrated that his court-ordered parenting time was **unlawfully suspended on July 24, 2025**, without any motion, evidence, or due process of law. The hearing scheduled that day was noticed solely for enforcement of child support, not custody or parenting time. **No motion regarding parenting time** was filed or served prior to that hearing. The hearing notice itself confirms the sole purpose was enforcement of a support-related bench warrant. (See Exhibit 3)

At the hearing, after resolving the support issue, Defendant Judge Michael Tomlinson engaged in discussion with Plaintiff and Defendant Marcella Neumann. When Marcella stated, "it's not about the money," Judge Tomlinson replied, "Oh, it is about the money." After lifting the bench warrant, Plaintiff asked whether he could resume parenting time, since all parties were present and the issue was resolved. In response, Judge Tomlinson looked to Marcella, who gave a vague verbal concern, unsupported by any documentation, testimony, or formal emergency motion. Judge Tomlinson then turned back to Plaintiff and stated, "No, I'm suspending your parenting time until further notice." When Plaintiff objected, citing Michigan law and stating, "You can't do that, it's against the law," Judge Tomlinson replied, "I just did," and concluded the hearing with, "Have a nice day."

This suspension was issued in open court **without a pending motion, without sworn testimony, without findings under MCL 722.23**, and in direct violation of **MCL 722.27a(8)**, which states that parenting time cannot be suspended solely due to support-related issues. At no point were any allegations of abuse, danger, or neglect presented. No emergency was declared, and no hearing was held on custody or parenting time.

Further, while Defendant Marcella Neumann did file a custody motion on May 23, 2025, it was **not marked as an emergency**, included **no supporting evidence**, and was **not set for hearing until August 27, 2025**. Despite that, Marcella began withholding Plaintiff's parenting

time **six days later**, on May 29, 2025, before any ruling was made. She confirmed in writing that Hudson "won't be going with you until things are taken care thru court," despite there being no order in place authorizing the suspension. (See Exhibit 5)

The next scheduled state court hearing is **August 27, 2025**, yet Plaintiff's parenting time was suspended more than a **month before that hearing**, and **without any lawful process**. This creates an ongoing constitutional violation that must be addressed **before** the state court proceeds.

This sequence of events amounts to a clear violation of the Fourteenth Amendment's Due Process Clause, as defined in *Mathews v. Eldridge*, 424 U.S. 319 (1976), which requires **notice and an opportunity to be heard** before a protected liberty interest is taken. Parenting time is a **fundamental right** subject to constitutional protection under *Troxel v. Granville*, 530 U.S. 57 (2000). Suspending it without motion, evidence, or process—based solely on financial status and vague concerns—violates both **federal and state law**. The harm suffered by Plaintiff qualifies as irreparable under *Elrod v. Burns*, 427 U.S. 347 (1976), because **time lost with one's child can never be recovered** through monetary damages.

Plaintiff respectfully requests this Court grant the emergency relief sought: an order restoring his parenting time under the last valid state order, and an injunction prohibiting any further interference with that parenting time **unless and until Plaintiff is provided full due process** in compliance with constitutional and statutory requirements. Plaintiff further requests that all related state court proceedings—including the August 27, 2025 hearing—be **stayed pending resolution of this federal civil rights action**.

**Respectfully submitted,**
/s/ Christian Rogers

**Christian Rogers, Pro Se**
2017 Goodrich Ave
Flint, MI 48532
christianrogers65@gmail.com
(810) 643-9062
Date: 7-30, 2025

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION**

**CHRISTIAN ROGERS,**
Plaintiff,
v.
**JUDGE MICHAEL TOMLINSON,**
**ST. CLAIR COUNTY,**
**ST. CLAIR COUNTY FRIEND OF THE COURT,**
**MARCELLA NEUMANN,**
Defendants.

Case No.:
Hon.:

# [PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER

Upon consideration of Plaintiff's **Emergency Motion for Temporary Restraining Order and Preliminary Injunction**, and the supporting Complaint, Declaration, and Exhibits, and finding that Plaintiff has shown a likelihood of success on the merits, irreparable harm absent relief, that the balance of equities favors Plaintiff, and that the public interest supports intervention, the Court finds as follows:

**IT IS HEREBY ORDERED THAT:**

1. **Defendant Judge Michael Tomlinson**, and all persons acting under his authority, are temporarily **RESTRAINED from issuing or enforcing any order suspending Plaintiff Christian Rogers' parenting time** under the existing custody order unless proper due process is provided, including notice, motion, and evidentiary hearing consistent with state and federal law;
2. **Defendant Marcella Neumann** is **RESTRAINED from withholding Plaintiff's parenting time** under the existing custody order absent a valid and enforceable court order issued with due process;
3. Plaintiff's **parenting time shall be immediately reinstated** under the last valid custody order issued by the St. Clair County Circuit Court;
4. All **state court proceedings concerning custody or parenting time**, including the hearing currently scheduled for **August 27, 2025**, are hereby **STAYED** pending further order of this Court;
5. A hearing on Plaintiff's request for preliminary injunction shall be scheduled promptly.

**IT IS SO ORDERED.**

Dated: _________________, 2025
Hon. [To Be Assigned]
United States District Judge

**PROPOSED ORDER GRANTING PRELIMINARY INJUNCTION**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION**

**CHRISTIAN ROGERS,**
Plaintiff,
v.
**JUDGE MICHAEL TOMLINSON,**
**ST. CLAIR COUNTY,**
**ST. CLAIR COUNTY FRIEND OF THE COURT,**
**MARCELLA NEUMANN,**
Defendants.
________________________________/
Case No.
Hon.

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Upon review of Plaintiff's Motion for Preliminary Injunction, supporting brief, sworn declaration, and exhibits, and upon consideration of the record as a whole, the Court finds:

- Plaintiff has demonstrated a likelihood of success on the merits of his constitutional claims under the Fourteenth Amendment;
- Plaintiff has demonstrated that irreparable harm will occur absent immediate relief;
- The balance of equities favors Plaintiff; and
- The public interest supports protecting fundamental parental rights and ensuring due process.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Preliminary Injunction is GRANTED.
2. Defendants, including but not limited to the St. Clair County Friend of the Court and Defendant Marcella Neumann, are ORDERED to immediately restore Plaintiff's parenting time pursuant to the existing state court parenting time order.
3. Defendants are ENJOINED from further suspending, withholding, or denying Plaintiff's parenting time.
4. This Order shall remain in effect until further order of this Court.

IT IS SO ORDERED.

Dated: ________________, 2025

**CHRISTIAN ROGERS**
2017 Goodrich Ave
Flint, MI 48532
(810) 643-9062
christianrogers65@gmail.com

Date: 30 ____________, 2025

**Clerk of the Court**
United States District Court
Eastern District of Michigan – Southern Division
231 W. Lafayette Blvd
Detroit, MI 48226

**RE: Emergency Motion for Temporary Restraining Order and Preliminary Injunction**
**Case Title:** *Christian Rogers v. Judge Michael Tomlinson, et al.*
**Case No.:** [To Be Assigned]

Dear Clerk of the Court,

Please find enclosed for filing in the above-captioned matter the following documents:

- Emergency Motion for Temporary Restraining Order and Preliminary Injunction
- Proposed Order Granting Preliminary Injunction
- Exhibit Index
- Exhibits 1 through 10 (each with cover page)
- Declaration of Christian Rogers (in support of motion)
- [Optional] Supplemental Declaration Authenticating Exhibit 6 (already included as Exhibit 7)

This motion is filed in connection with my civil rights complaint submitted on July 25, 2025. It concerns the unlawful suspension of my court-ordered parenting time without motion, hearing, or cause. It also requests a **temporary stay of all state court custody proceedings**, including the hearing currently scheduled for **August 27, 2025**, until the federal constitutional issues raised in the complaint are reviewed.

Please file the enclosed materials accordingly. I respectfully request that the Court review the emergency motion at the Court's earliest convenience. If any corrections or additional documentation are required, please notify me at the contact information provided above.

Thank you for your assistance.

**Sincerely,**
/s/ Christian Rogers
Christian Rogers, Pro Se

7-30-2025