UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

CHRISTIAN ROGERS,
Plaintiff,
v.
JUDGE MICHAEL TOMLINSON, et al.,
Defendants.

Case No.: 25-12354
Hon. Matthew Leitman
Magistrate Judge Ivy

---

## SUPPLEMENTAL DECLARATION OF CHRISTIAN ROGERS

Pursuant to 28 U.S.C. § 1746, I, Christian Rogers, declare under penalty of perjury that the following is true and correct:

1. On the morning of July 30, 2025, I submitted a supplemental declaration in this matter, stating that the order suspending my parenting time had not been signed and that I was previously informed by court staff it was "awaiting a referee's signature," despite no referee being present during the June 2025 hearing.
    **Legal support**: *Under Michigan Court Rule (MCR) 3.215(C), referees may only sign recommendations based on hearings they personally conducted. No referee was present at the June hearing.*
2. In the days following the hearing, I was repeatedly told by court staff that the order was delayed due to the need for a referee's signature. My prior parenting orders, including those from referees, were signed the same day as the hearing. In this case, the judge issued a verbal ruling but the written order remains unsigned over a week later.
    **Legal support**: *MCR 2.602(A)(1) states that an order must be signed and entered to be effective. Undue delay in signing prevents enforcement and appeal, violating due process safeguards.*
3. On July 30, 2025, I left a voicemail for the St. Clair County court requesting written clarification as to why the judge's verbal order had not yet been signed and why a referee was involved in the process. I also noted that I needed clarification for use in a federal civil rights case.
    **Legal support**: *Parties have a First Amendment right to petition the government for redress of grievances, and that includes raising due process concerns in federal court under 42 U.S.C. § 1983.*
4. I later received a return call from court staff, who stated for the first time that the order was now being sent back to the judge for signature. No explanation was given for the delay or change in procedure.
    **Legal support**: *MCR 2.602(B)(3) addresses timely entry of orders. Sudden procedural*

*shifts without explanation, especially when constitutional rights are impacted, may violate notice and fairness principles.*

5. No explanation was given for why the order was not signed on the day it was issued, or why staff initially claimed it required a referee's involvement.
   **Legal support**: *Inconsistent representations by court staff may obstruct access to judicial relief, which implicates due process under the Fourteenth Amendment, especially when no written order exists to challenge.*

6. I also inquired about filing a motion online. The clerk informed me that pro se litigants cannot file electronically unless a fee waiver is already approved and signed by a judge, and that I must file in person or by mail otherwise.
   **Legal support**: *MCR 1.109(G) governs electronic filing. It does not explicitly bar pro se litigants from e-filing, and denying access based on pre-approved waiver status may violate equal access and due process principles.*

7. The continued delay in issuing a written order that restricts parenting time — without any written motion, evidentiary hearing, or findings of fact — violates procedural due process.
   **Legal support**: *Parenting rights are a fundamental liberty interest protected by the Fourteenth Amendment. See Troxel v. Granville, 530 U.S. 57 (2000). Deprivation of these rights without due process violates clearly established law.*

8. The restriction of online filing to only those with prior judicial approval creates structural barriers for pro se litigants seeking emergency relief.
   **Legal support**: *See Bounds v. Smith, 430 U.S. 817 (1977), and Lewis v. Casey, 518 U.S. 343 (1996) — access to the courts is a fundamental right. Deliberate restrictions based on status (like lack of attorney or prior waiver) raise constitutional concerns under the Equal Protection Clause and 42 U.S.C. § 1983.*

9. When I asked for written or email confirmation of the status of the unsigned order or their internal explanation, I was told the court does not issue such communications and that I must "just wait."
   **Legal support**: *Failure to document decisions or notify parties in writing obstructs access to appellate remedies under MCR 7.204 and 7.205, and interferes with the ability to seek timely legal relief.*

---

## CONCLUSION

The inconsistencies documented above reveal real-time procedural irregularities regarding the suspension of my parenting time and my access to file motions seeking relief. While the court's conduct has been presented as administrative, it reflects legally significant patterns that implicate my rights under the **First and Fourteenth Amendments** and supports my claims under **42 U.S.C. § 1983** and **§ 1985(3)**. I respectfully submit this declaration to support injunctive relief and to preserve the evidentiary record.

Executed on July 30, 2025.
Respectfully submitted,

**/s/ Christian Rogers**

Christian Rogers
*Christian Rogers*
2017 Goodrich Ave
Port Huron, MI 48060
(810) 643-9062