UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTIAN ROGERS,

    Plaintiff,

v.

JUDGE TOMLINSON, *et al.*,

    Defendants.

Case No. 25-cv-12354
Hon. Matthew F. Leitman

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER (ECF No. 4)

Plaintiff Christian Rogers is currently involved in state-court child-custody proceedings with the mother of his child, Defendant Marcella Neumann. Those proceedings are pending before Judge John D. Tomlinson in the St. Clair County Circuit Court.

On July 30, 2025, Rogers filed this federal action against Neumann, Judge Tomlinson, St. Clair County, and the St. Clair County Friend of the Court. (*See* Compl., ECF No. 1; Am. Comp., ECF No. 7.) Rogers has also filed an emergency motion for an emergency temporary restraining order. (*See* Mot., ECF No. 4.) In that motion, Rogers seeks, among other things, an order enjoining the "enforce[ment]" of Judge Tomlinson's suspension of his parenting time, "reinstat[ing]" his parenting time "under the existing state custody order," and "staying all proceedings" before Judge Tomlinson. (*Id.*, PageID.13.) Rogers did not serve the Defendants with the

1

Complaint or the motion before he filed the motion. Nor did he provide Defendants any advanced notice that he would be seeking an emergency restraining order.

Under Federal Rule of Civil Procedure 65(b)(1), a court may only issue "a temporary restraining order without written or oral notice to the adverse party" if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) the moving party certifies "efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. Proc. 65(b)(1)(A)-(B). Here, Rogers has neither attempted to nor satisfied these requirements. He has not explained how immediate or irreparable injury would result if the Defendants are not notified of his motion, and he has not explained why notice should not be required. Accordingly, the Court **DENIES** Rogers' motion for emergency relief. The Court will issue injunctive relief in this action, if at all, only if (1) the Court concludes, after Rogers responds to the Court's currently-pending show cause order (*see* Order, ECF No. 14), that his Complaint should not be summarily dismissed prior to service on the Defendants, and (2) a motion for emergency relief is served on the Defendants and the Defendants are given a full and fair opportunity to respond to that motion.

**IT IS SO ORDERED**.

Dated: August 19, 2025

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 19, 2025, by electronic means and/or ordinary mail.

                                  s/Holly A. Ryan
                                  Case Manager
                                  (313) 234-5126