# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

**Christian Rogers,**
Plaintiff,

v.

**Judge John D. Tomlinson,** in his individual and official capacities;
**St. Clair County;**
**St. Clair County Friend of the Court;**
**Marcella Neumann,** in her individual capacity,
Defendants.

Case No. 25-cv-12354
Hon. Matthew F. Leitman

---

# PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

NOW COMES Plaintiff, Christian Rogers, pro se, and for his Response to the Court's August 19, 2025 Order to Show Cause (ECF No. 14), states as follows:

---

## I. INTRODUCTION

This is not an appeal of state law error. It is a civil rights action under 42 U.S.C. §1983 challenging the misuse of **federal Title IV-D child support proceedings** to suspend Plaintiff's parenting time without due process.

On July 24, 2025, during a contempt hearing noticed solely for **child support enforcement under Title IV-D**, Judge Tomlinson suspended Plaintiff's parenting time. No custody motion was pending, no notice was provided, no evidence was taken, and no findings were made under Michigan law. A written order was entered on August 1, 2025, but it remains constitutionally defective because it was entered outside IV-D jurisdiction and without due process safeguards required by state and federal law.

Plaintiff seeks prospective relief: reinstatement of parenting time under the last valid custody order, and an injunction prohibiting suspension absent due process. Because the acts challenged

arose from a federally funded and federally regulated program, federal jurisdiction is proper and dismissal is unwarranted.

## II. YOUNGER ABSTENTION DOES NOT APPLY

1. **Extraordinary Circumstances**
   - Parenting time was suspended in a IV-D contempt proceeding noticed only for child support enforcement (Exhibit 3).
   - Judge Tomlinson admitted he was suspending parenting time without legal basis, responding to Plaintiff's objection: "I just did" (Conclusion Exhibit).
   - This extraordinary misuse of a federal program exceeds state authority and falls within recognized exceptions to *Younger v. Harris*, 401 U.S. 37 (1971).
2. **No Adequate Remedy in State Court**
   - Plaintiff has been denied parenting time since May 18, 2025. State appellate processes cannot prevent ongoing irreparable harm. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("loss of constitutional freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury").
3. **Federal Oversight of IV-D**
   - Title IV-D (42 U.S.C. §§651–669b) is a federal program that conditions state funding on compliance with federal requirements.
   - When state actors misuse IV-D processes to deprive parents of custody rights without due process, federal intervention is appropriate. *Mitchum v. Foster*, 407 U.S. 225 (1972) (Section 1983 overrides abstention principles when constitutional rights are at stake).

## III. JUDICIAL IMMUNITY DOES NOT BAR RELIEF

- **Damages**: Plaintiff concedes Judge Tomlinson is immune from monetary damages for judicial acts.
- **Prospective Relief**: Judicial immunity does not bar injunctions or declaratory relief when no declaratory decree exists. *Pulliam v. Allen*, 466 U.S. 522 (1984).
- **Ultra Vires**: Suspending parenting time in a IV-D support contempt proceeding exceeded the scope of judicial authority under Michigan law and Title IV-D, and thus was not a protected judicial act. *King v. Love*, 766 F.2d 962 (6th Cir. 1985).

## IV. ROOKER-FELDMAN DOES NOT APPLY

- Plaintiff does not ask this Court to review or vacate a state judgment. Instead, he challenges the deprivation of due process inside a federally regulated IV-D proceeding.

- The injury stems from the unconstitutional process, not the state judgment itself. *Skinner v. Switzer*, 562 U.S. 521, 532 (2011).
- The August 1 suspension order is not a final appellate judgment; it is part of ongoing IV-D enforcement and thus subject to federal review.

## V. MONELL CLAIM AGAINST ST. CLAIR COUNTY AND REQUEST TO AMEND TO ADD DHS

Plaintiff's current Complaint alleges that **St. Clair County and its Friend of the Court** act as a Title IV-D agency, receiving federal funds to administer support enforcement. By policy and custom, they permitted parenting time suspensions within IV-D support hearings and delayed entry of orders (Exhibit 2; Supplemental Declaration), practices that predictably violated due process.

Additionally, the **Michigan Department of Health and Human Services (DHS)** is Michigan's designated Title IV-D agency under 42 U.S.C. §654. DHS is federally funded, sets enforcement policy for county-level IV-D offices, and is responsible for ensuring compliance with federal due process safeguards.

To properly align this case with the federal statutory framework, Plaintiff respectfully **requests leave to amend his Complaint to add DHS as a defendant**, consistent with Fed. R. Civ. P. 15(a)(2). Justice requires DHS's inclusion, as it bears direct responsibility for IV-D enforcement in Michigan.

## VI. CLAIMS AGAINST MARCELLA NEUMANN

- On May 28, 2025, Neumann unilaterally denied parenting time without court authority (Exhibit 5).
- On May 23, 2025, she filed a custody motion containing unsupported allegations (Exhibit 8).
- At the July 24 IV-D hearing, Judge Tomlinson looked to Neumann for a vague objection before suspending Plaintiff's parenting time (Conclusion Exhibit).

These actions, coordinated with IV-D state actors, constitute joint action under *Dennis v. Sparks*, 449 U.S. 24 (1980), bringing Neumann within §1983 liability.

## VII. TITLE IV-D FRAMEWORK REQUIRES FEDERAL REVIEW

Title IV-D establishes federal oversight of state child support programs. Michigan DHS, as the state IV-D agency, must:

- Limit IV-D hearings to support enforcement, not custody (42 U.S.C. §654).
- Provide due process protections to all parents in IV-D cases (42 U.S.C. §654(20)).
- Ensure federal funds are not used to adjudicate parenting time suspensions.

The July 24 suspension violated both constitutional due process and federal Title IV-D requirements. Because the case arises from misuse of a **federally funded program**, federal jurisdiction is not only proper but necessary.

## VIII. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Declare that Defendants violated Plaintiff's Fourteenth Amendment rights and the federal Title IV-D framework;
2. Enjoin enforcement of the August 1, 2025 suspension order as entered without due process and outside IV-D jurisdiction;
3. Reinstate Plaintiff's parenting time under the last valid custody order (Exhibit 1);
4. Stay ongoing state proceedings until due process is provided;
5. Grant Plaintiff leave to amend his Complaint to add DHS as a defendant, in its capacity as Michigan's Title IV-D agency;
6. Grant such other and further relief as this Court deems just and proper.

## IX. CONCLUSION

This action challenges misuse of a **federally funded Title IV-D program** to suspend parenting time without due process. Abstention, immunity, and jurisdictional doctrines do not bar this Court's review. Because DHS and the Friend of the Court operate under federal funding and authority, federal oversight is essential.

Respectfully submitted,

/s/ Christian Rogers

*Christian Rogers*

Christian Rogers, Pro Se
2017 Goodrich Ave
Flint, MI 48532
(810) 643-9062
christianrogers65@gmail.com
Dated: August 19, 2025