UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTIAN ROGERS,

      Plaintiff,

                                      Case No. 25-cv-12354
                                      Hon. Matthew F. Leitman

v.

JUDGE TOMLINSON, *et al.*,

      Defendants.
_____/

## ORDER (1) VACATING ORDER TO SHOW CAUSE (ECF No. 14); AND (2) SUMMARILY DISMISSING PLAINTIFF'S AMENDED COMPLAINT (ECF No. 7)

Plaintiff Christian Rogers is currently involved in state-court parenting-time litigation with the mother of his child, Defendant Marcella Neumann. That litigation is pending before Judge John D. Tomlinson in the St. Clair County Circuit Court. On July 24, 2025, Judge Tomlinson issued an oral ruling suspending Rogers' parenting time. (*See* Am. Compl. at ¶ 7, ECF No. 7, PageID.123.) Judge Tomlinson confirmed that oral ruling in a written order dated July 28, 2025. (*See* St. Ct. Order, ECF No. 14, PageID.150.)

Rogers contends that Judge Tomlinson's orders violate "Michigan law" because Judge Tomlinson suspended his (Rogers') parenting time "without any pending motion, without notice, without hearing, and without findings as required by" two Michigan statutes: Mich. Comp. Laws §§ 722.23 and 722.27a(8). (Compl.,

1

ECF No. 1, PageID.1.)  But Rogers has not appealed Judge Tomlinson's purported errors of Michigan law to the Michigan Court of Appeals.  Instead, he has filed an Amended Complaint in this Court against Judge Tomlinson, St. Clair County, the St. Clair County Friend of the Court, and Neumann.  His Amended Complaint re-casts Judge Tomlinson's purported errors of state law as federal constitutional violations and then asks this Court to overturn Judge Tomlinson's orders. (*See* Am. Compl., ECF No. 7.[1])  More specifically, he asks the Court to enter an order that, among other things, "reinstat[es] [his] parenting time [that Judge Tomlinson suspended in his orders] immediately" and "[d]eclare[s]" Judge Tomlinson's actions as "unconstitutional." (*Id.*, PageID.123.)

Rogers is not the first litigant to come to federal court to challenge adverse rulings issued in state-court domestic relations proceedings.  But as described more fully below, the United States Court of Appeals for the Sixth Circuit and district courts in this Circuit have routinely dismissed similar challenges on several grounds.  Because the problems with Rogers' claim were immediately apparent from the face of his Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2), the Court directed

---

[1] Rogers filed his Complaint in this action on July 30, 2025. (*See* Compl., ECF No. 1.)  On August 1, 2025, Rogers filed a second Complaint against the same Defendants. (*See* Am. Compl., ECF No. 7.)  That Complaint bears a notation that it relates to Case No. 25-12359 before Judge Linda Parker, but that case number does not appear to exist, and the Complaint plainly refers to the allegations in this action. In any event, the Court will treat Rogers' August 1, 2025, filing as an Amended Complaint that constitutes the governing pleading in this case.

Rogers to show cause why the Court should not dismiss his Amended Complaint prior to service on the Defendants (the "Show Cause Order"). (*See* Show Cause Order, ECF No. 14.)  Rogers has responded to the Show Cause Order (*see* Resp., ECF No. 16; Supp. Resp., ECF No. 17), and the Court has carefully reviewed his position.  For the reasons explained below, the Court concludes that all of Rogers' claims must be dismissed.  The Court therefore **VACATES** the Show Cause Order and **SUMMARILY DISMISSES** Rogers' Amended Complaint.

## I

Before turning to the legal flaws in Rogers' claims, it is helpful to review the factual allegations in his Amended Complaint.  There are only five of them.  In the first allegation, Rogers claims that he "has been actively involved in the life of his minor son and has historically exercised his parenting time as ordered by the [state] court." (Am. Compl. at ¶ 6, ECF No. 7, PageID.123.)  The next four allegations attack decisions made by Judge Tomlinson in the state-court parenting-time litigation.  Those allegations are:

- On July 24, 2025, Judge Tomlinson issued an oral ruling "suspend[ing] all of [Rogers'] parenting time without any evidence presented and without due process, solely based on [Rogers'] inability to pay [child support]." (*Id.* at ¶ 7, PageID.123.);

3

- Judge Tomlinson "stated on the record that he would issue another warrant if [Rogers] did not return with the payment [for child support], and refused to consider [Rogers'] rights as a father or the child's best interest." (*Id.* at ¶ 8, PageID.123.);

- Judge Tomlinson "refused to enforce parenting time due to an active child support warrant, which is contrary to Michigan law." (*Id.* at ¶ 9, PageID.123); and

- Judge Tomlinson "allowed [Neumann] to withhold the child from [Rogers] for over three months without consequence, and [Judge] Tomlinson explicitly endorsed [Neumann's] conduct without a hearing or evidence." (*Id.* at ¶ 10, PageID.123.)

Even though Rogers' allegations focus exclusively on purported misconduct by Judge Tomlinson alone, Rogers has also named Neumann, St. Clair County, and the St. Clair County Friend of the Court as Defendants. He asserts three claims against the four Defendants under 42 U.S.C. § 1983: (1) "Violation of the 14th Amendment Due Process Rights"; (2) "Equal Protection Violation"; and (3) "Conspiracy to Violate Civil Rights." (*Id.*) In his request for relief, he asks the Court to, among other things, "reinstate his parenting time [that Judge Tomlinson suspended] immediately" and "[d]eclare" that Judge Tomlinson's decisions and orders are "unconstitutional." (*Id.*) He also seeks monetary damages. (*See id.*)

## II

The Court concludes that Rogers' Amended Complaint is subject to summary dismissal for several reasons.  The Court will address each basis for dismissal separately.

## A

To begin, the Court lacks jurisdiction over Rogers' claims under what is commonly referred to as the "domestic relations" exception to federal court jurisdiction.  "The domestic relations exception precludes federal courts from hearing cases that 'involv[e] the issuance of a divorce, alimony, or [a] child custody decree.'" *Alexander v. Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992)).  And while the exception is "narrow," it applies where a plaintiff asks a federal court to "address the merits of [an] underlying [custody] dispute." *Id.* at 1206.  Thus, for example, "if [a] plaintiff requests that a federal court determine who should have care for and control a child, then that request is outside the jurisdiction of the federal courts." *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 797 (6th Cir. 2015).  The domestic relations exception likewise precludes federal review of state-court child visitation orders. *See, e.g.*, *Allen v. Allen*, 48 F.3d 259, 262 (7th Cir. 1995); *Edelstein v. Flottman*, No. 24-3156, 2025 WL 609487, at *3 (6th Cir. Jan. 10, 2025) (holding

that the domestic relations exception barred review of challenge to state-court rulings concerning "custody" and "visitation rights").

Rogers' Amended Complaint falls squarely within the domestic relations exception to federal jurisdiction because he is asking this Court to decide "who should have care for and control [his] child." *Chevalier*, 803 F.3d at 797. Indeed, he specifically asks the Court to "issue an order reinstating [his] parenting time immediately" and to declare "unconstitutional" Judge Tomlinson's orders restricting his parenting time. (Am. Compl., ECF No. 7, PageID.123.) And while the Sixth Circuit has not yet "addressed" whether the domestic relations exception applies to federal-question cases in the same manner that it applies to diversity cases, *Alexander*, 804 F.3d at 1205, it has nonetheless applied the exception in federal-question cases where, as here, a plaintiff "couch[es]" claims challenging state-court domestic relations orders as "constitutional violations." *Flottman*, 2025 WL 609487, at *3 (holding that the domestic relations exception barred federal court review of constitutional claims that sought "to modify or nullify state-court domestic-relations orders on their merits"). *See also Greenberg v. Slatery*, No. 22-5886, 2023 WL 2771640, at *2 (6th Cir. Mar. 28, 2023) (holding that the domestic relations exception barred review because "[t]he core of all [] of [plaintiffs'] claims, although cloaked in the language of constitutional torts, attacks the validity" of a state court's "child custody proceedings" and seeks to "nullif[y]" the state court's custody

orders); *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003) (holding that the domestic relations exception barred federal court review of constitutional claims that were "a pretense to obtain federal review of domestic relations matters"). District courts in this Circuit have likewise regularly reached the same result. *See, e.g.*, *Campbell v. Cordova*, No. 5:24-00015, 2024 WL 732302, at *2 (N.D. Ohio Feb. 22, 2024) ("Petitioner-Plaintiff's clear statements … unambiguously demonstrate that" the plaintiff's constitutional claims fall "within the domestic relations exception to federal court jurisdiction because Petitioner-Plaintiff is seeking to have this Court nullify a child custody order of a state family court"); *Williams v. Herrod*, No. 1:25-cv-998, 2025 WL 2391491, at *1 (N.D. Ohio Aug. 18, 2025) (dismissing constitutional claims because the "core concern" of the claims was the overturning of state-court domestic relations orders); *Robards v. Slatery*, No. 2:24-cv-00052, 2024 WL 4370780, at * 3-4 (M.D. Tenn. Oct. 1, 2024) (declining jurisdiction over federal constitutional claims that sought review of state court domestic relations determinations).  Like the Sixth Circuit and other district courts, the Court concludes that the domestic relations exception to federal court jurisdiction applies here and requires dismissal of Rogers' claims because those claims seek to nullify orders entered in state-court domestic relations proceedings.[2]

---

[2] While the Court did not raise the domestic relation exception in the Show Cause Order, Rogers addressed it in his supplemental response to that order. (*See* Supp.

**B**

Next, even if the domestic relations exception did not require dismissal of Rogers' Amended Complaint, the Court would still dismiss it pursuant to the *Rooker-Feldman* doctrine. That doctrine "bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020). Thus, "[i]f the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies." *Id.* Here, Rogers' alleged injuries arise directly from Judge Tomlinson's orders, and Rogers' claims raise a direct attack against, and seek relief from, those orders. Thus, Rogers' claims are barred by *Rooker-Feldman* as well.

**C**

Finally, even if the Court were to reach the merits of Rogers' claims, it would still summarily dismiss them because they are plainly not viable. There are no specific factual allegations in the Amended Complaint against St. Clair County, the St. Clair County Friend of the Court, or Neumann. And while Rogers has alleged at least some facts related to Judge Tomlinson, Judge Tomlinson has absolute judicial immunity with respect to the claims brought against him because they arise out of

---

Resp., ECF No. 17, PageID.160.) It is therefore appropriate to dismiss the case based upon that exception.

his performance of his judicial functions. *See, e.g.*, *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) ("It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions. The Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983") (internal citations omitted).  Likewise, injunctive relief is not available against Judge Tomlinson because "injunctive relief shall not be granted" against "a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree [is] violated or declaratory relief [is] unavailable," *Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012) (quoting 42 U.S.C. § 1983), and Rogers has not alleged that Judge Tomlinson violated a decree or that declaratory relief is unavailable.  Finally, Rogers alleges no facts suggesting that John Tomlinson violated his rights under the Equal Protection Clause or that Judge Tomlinson conspired with anyone to violate his (Rogers') civil rights.

Rogers counters that he has stated viable claims under Title IV-D of the Social Security Act, 42 U.S.C. § 651, *et seq*. (*See* Resp., ECF No. 16; Supp. Resp., ECF No. 17.)  But Rogers' reliance on Title IV-D is misplaced for several reasons.  First, Rogers does not mention Title IV-D in his Amended Complaint, nor does he bring any claims under that statute.  Second, he has not shown that he could bring claims under that statute. *See, e.g.*, *Hughlett v. Romer-Sensky*, 497 F.3d 557, 563 (6th Cir. 2006) (holding that certain provisions of Title IV-D did not "contain the individually

focused, rights-creating language necessary to confer an individual right" or private cause of action). Finally, he has not alleged any specific facts that, if proven, would show a violation of that statute.

### III

For all of the reasons explained above, the Court concludes that all of Rogers' claims (1) are barred by the domestic relations exception to federal court jurisdiction, (2) fail under the *Rooker-Feldman* doctrine, and (3) are not viable on the merits. Rogers' Amended Complaint is therefore **DISMISSED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 21, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 21, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126